IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TANEISHA PLANES,<br>6914 Ellingham Circle F<br>Alexandria, VA, 22315<br><br>*Plaintiff,*<br><br>v.<br><br>PARSONS CORPORATION<br>5875 Trinity Parkway, Suite 300,<br>Centreville, VA, 20120,<br><br>*Defendant.* | Civil Action No.: _____<br>**Jury Demanded** |

## COMPLAINT

**COMES NOW** Plaintiff Taneisha Planes, by and through undersigned counsel, files suit against the named Defendant, and for cause of action states as follows:

## INTRODUCTION

1.  Taneisha Planes ("Ms. Planes" or "Plaintiff") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S. § 2000e, *et seq*.; for relief from discrimination on the bases of Race, Gender, Color, a Hostile Work Environment, and Retaliation for engaging in protected activity.

2.  Defendant Parsons Corp. ("Parsons" or "Defendants") discriminated against Plaintiff on the bases of her race, gender and color. Additionally. Defendant created a hostile work environment, unlawfully interfered with rights under the Family and Medical Leave Act and retaliated against Plaintiff for her engagement in an EEO protected activity during the course

of her employment and her non-selection for successor contract assignments.

## JURISDICTION & VENUE

3. This Court has jurisdiction over this matter pursuant to Title VII, as amended, 42 U.S.C. §§ 2000e-16, 2000e-5(f)(1) and (3). Further, this Court has jurisdiction over this Complaint because it presents a question of federal law. 28 U.S.C. §§ 1331.

4. Venue properly lies within this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3). Defendant's principal offices are located in Centreville, Virginia and a substantial part of the acts and omissions that give rise to this Complaint occurred within Chantilly, Virginia

## PARTIES

5. Plaintiff is currently domiciled at 6914 Ellingham Circle F, Alexandria, VA, 22315. Plaintiff is a resident of Fairfax County and a United States citizen.

6. Defendant Parsons Corporation is a technology engineering firm. Parsons Corporation's corporate headquarters is located at 5875 Trinity Parkway, Suite 300, Centreville, VA, 20120.

7. Ms. Taneisha Planes is a former Regional Comsec Officer that worked on the NEWTON contract in the Chantilly, Virginia. Plaintiff began her employment on the NEWTON contract with Peraton, Inc., a subcontractor; Defendant was the primary contractor.

8. Defendant is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of employees or agents of Defendant; in addition, Defendant is the employer of persons who have committed negligent, discriminatory acts and/or omission against Plaintiff within the course and scope of her employment. Therefore, Defendant is liable pursuant to the doctrine of *Respondeat Superior*.

## EXHAUSTION OF REMEDIES

9. Plaintiff has exhausted all of her administrative remedies.

10. During the first week of May 2021, Plaintiff sent an e-mail to the Human Resources Department reporting harassing and discriminatory behavior.

11. On May 15, 2021, Plaintiff sent a subsequent e-mail highlighting the fact that the harassing and discriminatory behavior persisted.

12. On October 9, 2021, Plaintiff filed a charge of discrimination with the EEOC.

13. On October 12, 2022, the EEOC issued the Plaintiff a Notice of Right to Sue, which provided the Plaintiff with ninety (90) days from receipt of that Notice to file a complaint in the United States District Court.

14. Plaintiff timely filed her Complaint in this Court within the 90-day period for filing suit under 42 U.S.C. §2000e-5(f)(1).

## FACTS

15. Plaintiff incorporates all information and allegations contained within the preceding paragraphs as if fully set forth herein.

16. Plaintiff, an African American female, was hired by Peraton in February of 2017 as a Regional COMSEC Officer.

17. While at Peraton, Plaintiff worked on NEWTON, a contract on which Peraton was a subcontractor. Additionally, Plaintiff worked in the same office alongside employees of the prime contractor Defendant's Parsons Corporation.

18. Throughout Plaintiff's time of employment, from 2017 through 2021, she was repeatedly subjected to harassment and discrimination at the hands of Mr. Jukkala, a white, light-skinned, male supervisor. Mr. Jukkala routinely gave preferential treatment to Plaintiff's

white male colleagues. Specifically, Mr. Jukkala routinely contacted Plaintiff at inappropriate hours, falsified accusations of workplace infractions against her, and subjected her to relentless criticisms.

19. Despite this, Plaintiff was told during her most recent performance evaluation that she was one of the best employees in the group.

20. Mr. Jukkala allowed Plaintiff's white, light-skinned, male colleagues – namely Jeff Tibbitts, Matt Rowe, Marc Geddess and Scott Curry – to play by a different set of rules, or no rules at all.

21. Plaintiff's white male colleagues were not subject to the same time and attendance requirements, were not criticized or scrutinized, were given training and advancement opportunities that Plaintiff was denied and were helped to transition when the NEWTON contract transferred.

22. On April 6, 2021, Plaintiff received notice, via company e-mail, that quarantine was no longer required upon returning from international travel.

23. During the first week of May 2021, Plaintiff took an international vacation.

24. On May 10, 2021, Plaintiff returned from vacation. Upon Plaintiff arrival, Mr. Jukkala ordered Plaintiff to quarantine. Mr. Jukkala's reasoning was that during Plaintiff vacation, the policy for mandatory quarantine was reinstated. Additionally, Mr. Jukkala insisted that Plaintiff quarantine would be without pay. In contrast, Mr. Jukkala allowed Plaintiff's white, light-skinned, male colleague to quarantine with pay.

25. Plaintiff requested to take Family Medical Leave Act (FMLA) during her mandatory quarantine. In response, Mr. Jukkala denied her FMLA request.

26. While Plaintiff quarantined, the NEWTON contract was transferred to Defendant's Parsons Corporation and Alpha 2, Inc., another subcontractor. Mr. Jukkala as well as all other members of management were aware of this transition.

27. Traditionally, all current contractors are made aware of a contract termination or transferal via a written or verbal notice. The purpose of this notice is to allow current contractors the opportunity to apply and transition into positions with the new contract holders in the interest of continuity. However, during quarantine, Plaintiff did not receive notice of the NEWTON contract change. In contrast, Plaintiff's white, light-skinned, male colleagues were made aware of the transition via notice from Mr. Jukkala as well as other white male members of management. During her quarantine, Plaintiff asked Mr. Jukkala about the possibility of the NEWTON contract being transferred and he falsely claimed to not have any information to provide.

28. By neglecting to give Plaintiff notice on the transition of the NEWTON contract while simultaneously assisting Plaintiff's white, light-skinned, male colleagues, Mr. Jukkala actively and intentionally sought to prevent Plaintiff from obtaining a contract position with the new contracting company.

29. During the first week of May 2021, Plaintiff sent an e-mail to the Human Resource Department regarding the disparate treatment she was enduring at the hands of Mr. Jukkala. Plaintiff received no response to her e-mail.

30. On May 4, 2021, Plaintiff applied for a position with Alpha 2, Inc. Plaintiff did not receive a response to her application.

31. On May 15, 2021, Plaintiff sent a second e-mail to the Human Resources Department to state that the discriminatory behavior of Mr. Jukkala was continuous and had

persisted throughout her employment.

32. On May 17, 2021, Plaintiff applied for a contracting position with Defendant Parsons Corporation. At the time of her application submittal, Mr. Matt Rowe (White, light-skinned, male) informed her that her application was too late. Notably, Plaintiff spoke to Mr. Rowe on May 5, 2021, and he attempted to discourage her from applying to the contracting position.

33. Approximately two weeks after her discrimination complaints, Defendant Peraton terminated Plaintiff's employment as a "lay off."

34. From here, Defendant continued to discriminate against Plaintiff.

35. Upon knowledge and belief, Defendant transitioned (either directly or via subcontractor) all of Plaintiff's male colleagues to positions on the NEWTON contract.

36. Upon knowledge and belief, Defendant transitioned (either directly or via subcontractor) all of Plaintiff's Caucasian colleagues to positions on the NEWTON contract.

37. Upon knowledge and belief, Defendant transitioned (either directly or via subcontractor) all of Plaintiff's light-skinned colleagues to positions on the NEWTON contract.

38. Defendant further hired Mr. Jukkala to work on the NEWTON contract – and put him in position to continue to discriminate against Plaintiff.

39. Despite being considered one of the most effective and competent performers on the contract, Plaintiff was not transitioned to another position on the NEWTON contract.

40. As a result of the actions of the Defendant's, the Plaintiff was the *only* member of her team who did not transition with the NEWTON contract to one of the new contracting companies, while her White, light-skinned, male colleagues were all transitioned.

41. Upon information and belief, similarly situated employees of a different protected

class were not subjected to the same foregoing unlawful discriminatory treatment.

## CAUSES OF ACTION

### COUNT ONE
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; Civil Rights Act of 1991, 42 U.S.C. § 1981a
### (Discrimination on the Basis of Race)

42. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

43. Plaintiff is African American and, as such, is a member of a protected class.

44. As an employee of Defendant, Plaintiff was treated differently and subjected to different terms and conditions of employment in comparison to non-Black employees that Defendant employed.

45. Defendant has subjected Plaintiff to adverse employment actions, including being contacted during inappropriate times, accused of baseless work performance infractions, being singled out in front of colleagues, prevented her from securing a work contract, and otherwise depriving Plaintiff of the same rights enjoyed by non-African American coworkers.

46. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in loss of income, promotional opportunities and other disadvantages in the workplace.

47. The reason(s) proffered for Defendant's unlawful conduct, are not legitimate and would be pretext for its discriminatory conduct.

48. Defendant knew that Plaintiff was African American prior to subjecting her to the adverse actions described throughout this Complaint.

49. Plaintiff has been treated differently and subjected to different terms and

conditions of her employment due to her Race (African American).

50. Defendant has limited, segregated and classified Plaintiff in a way that deprives her of employment opportunities and otherwise adversely affects her status as an employee because of her Race (African American).

51. Other employees who were similarly situated, but members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in their terms and conditions of employment.

52. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her Race (African-American).

53. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

## COUNT TWO
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. (Discrimination on the Basis of Color).

54. Plaintiff is Dark-skinned and, as such, is a member of a protected class.

55. As an employee of Defendant, Plaintiff was treated differently and subjected to disparate treatment in comparison to lighter-skinned employees that Defendant employed.

56. Defendant has subjected Plaintiff to adverse employment actions, and otherwise deprived Plaintiff of her rights as enjoyed by her lighter-skinned coworkers.

57. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in loss of benefits, promotional opportunities and other disadvantages in the workplace.

58. The reason(s) proffered for Defendant's unlawful conduct are not legitimate and would be pretext for its discriminatory conduct.

59. Defendant knew at all times during the events described throughout this Complaint that Plaintiff is Dark-skinned.

60. Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her color (Dark-skinned).

61. Defendant has limited Plaintiff in a way that deprives her of employment opportunities, workplace benefits and otherwise adversely affects her status as an employee because of her color (Dark-skinned).

62. Other employees who were similarly situated but are members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

63. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her color (Dark-skinned).

64. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

65. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

66. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**COUNT THREE**
**Title VII of the Civil Rights Act of 1964**
**42 U.S.C. § 2000e,** *et seq.*
**(Discrimination on the Basis of Sex)**

67. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

68. Plaintiff is female and, as such, is a member of a protected class.

69. As an employee of Defendant, Plaintiff was treated differently and subjected to disparate treatment in comparison to female employees that Defendant employed.

70. Defendant has subjected Plaintiff to adverse employment actions, including the adverse actions alleged herein, and otherwise deprived Plaintiff of her rights as enjoyed by her male coworkers.

71. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in the loss of benefits, promotional opportunities and other disadvantages in the workplace.

72. The reason(s) proffered for Defendant's unlawful conduct are not legitimate and would be pretext for its discriminatory conduct.

73. Defendant knew at all times during the events described throughout this Complaint that Plaintiff was female.

74. Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her sex.

75. Defendant has deprived Plaintiff of employment, workplace benefits and otherwise adversely affects her status as an employee because of her sex.

76. All similarly situated, male employees were treated more favorably than Plaintiff in the terms and conditions of employment.

77. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her sex.

78. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

79. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

80. Plaintiff has incurred lost wages, loss of reputation, and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## COUNT FOUR
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e, *et seq*.
### (Retaliation for Engaging in Protected Activity)

81. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

82. During the first week of May, Plaintiff e-mailed the Human Resources Department regarding harassing and discriminatory behavior which had persisted throughout her employment.

83. In retaliation for Plaintiff's complaint, Defendant subjected her to adverse employment actions, including taking measures to ensure that she would not be selected to continue her contracting work, and otherwise deprived Plaintiff of the same rights enjoyed by similarly situated employees who had not participated in protected activity.

84. Defendant's unlawful conduct negatively impacted the terms, conditions and

privileges of Plaintiff's employment because it resulted in loss of income, promotional opportunities and other disadvantages in the workplace.

85. Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to engaging in protected activity.

86. Defendant has limited, segregated and classified Plaintiff in a way that deprives her of employment opportunities and otherwise adversely affected her status as an employee because of her engaging in protected activity.

87. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her engaging in protected activity.

88. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunities now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## COUNT FIVE
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.
### (Hostile Work Environment)

89. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

90. As a result of Plaintiff's protected status, Plaintiff's supervisor engaged in a persistent pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment.

91. Plaintiff was regularly and continually subjected to harassing conduct which created a hostile and abusive work environment.

92. Defendant's unlawful conduct was unwelcomed.

93. Defendant's deliberate conduct caused the adverse actions referred to throughout this Complaint and created a hostile and abusive work environment.

94. Plaintiff was subjected to harassment because of her protected status, and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

95. Defendant knew or should have known of the harassment. Defendant failed to adequately investigate the harassment and took no effective, immediate or remedial action.

96. By failing to recognize Plaintiff's disability, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

97. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

98. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Defendant's treatment and actions were ongoing.

99. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## COUNT SIX
**Family and Medical Leave Act**
**29 U.S.C. § 2611, *et seq*.**
**(Interference)**

100. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

101. At the relevant times described by this Complaint, Plaintiff was an eligible employee and Defendants were covered employers under the Family and Medical Leave Act (FMLA).

102. Plaintiff legitimately attempted to exercise her rights under the FMLA, and Defendants were aware of her attempt.

103. Defendants willfully and illegally denied Plaintiff her rights under the FMLA without cause and for no legitimate reason.

104. Plaintiff suffered direct harm as a result of Defendant's willful and knowing failure to fulfill its obligations under the FMLA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages permitted by statute.

b. Award lost wages;

c. Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct;

d. Award reasonable attorney fees, costs, and expenses incurred for this action;

e. Order Defendants to expunge the adverse action(s) in the Plaintiff's employment file;

f. Order Defendants to institute a policy and procedure to be implemented against discrimination;

g. Order Defendants to institute Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

h. Award any appropriate equitable, declaratory, and injunctive relief; and

i. Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

105. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

106. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Order the Defendant to institute a policy and procedure to be implemented against discrimination;

b. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c. Supervisory training for the supervisors at issue herein; and

d. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

107. Plaintiff demands a trial by jury on all issues set forth herein.

Respectfully submitted,

*Santo A. Scrimenti*

Santo A. Scrimenti, Esq. (VSB# 90169)
A. Marques Pitre, Esq. (*Pro Hac Vice pending*)
PITRE & ASSOCIATES, LLC
Ronald Reagan Building &
International Trade Center
1300 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Main Tel. 202-204-3006
Direct Tel. 202-840-6797

Email:
Sascrimenti@ampitreassociates.com
Ampitre@ampitreassociates.com

*Counsel for Plaintiff*